**FILED**

JUL 1 3 2007 *rg*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EVELYN SALOPEK,

         Plaintiff,

  v.

SKYWAY ELEVATOR REPAIR
COMPANY, INC.
         Defendant.

)
)
)
)
)
)
)
)
)
)

**07CV3948**
**JUDGE GRADY**
**MAG.JUDGE COLE**

Jury Trial Demanded

## COMPLAINT

NOW COMES the Plaintiff, EVELYN SALOPEK, ("Plaintiff" and/or "SALOPEK") by and through her undersigned counsel of record, and complaining against Defendant SKYWAY ELEVATOR REPAIR COMPANY, INC. (hereinafter referred to as "SKYWAY"), and in doing so states as follows:

## NATURE OF CASE

1.    Plaintiff, Evelyn Salopek, brings this four (4) Count Complaint against Defendant Skyway seeking damages for Defendant's egregious disability discrimination, failure to accommodate and other related unlawful conduct constituting violations of the Americans with Disabilities Act of 1990, §2 *et. seq.*, 42 U.S.C.A. §12101, *et. seq.* ("ADA"), gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"), Intentional Infliction of Emotional Distress, and in the alternative, retaliatory discharge in violation of the Illinois Worker's Compensation Act.

2.    This case is about Defendant's blatant, willful, and deliberate attempts to violate

Page 1

the law through pervasive and ongoing disability discrimination, gender discrimination and retaliation for filing a worker's compensation claim, against a female employee who had her right thumb severed in a work related elevator repair accident in February 2003. After Salopek became disabled performing her duties as a Skyway employee and filed a worker's compensation claim, Skyway commenced a continuous and ongoing pattern and practice of discrimination and retaliation against Salopek, has stonewalled Salopek's repeated attempts to return to active duty at Skyway and used its industry contacts to blackball Salopek and preclude her from attaining gainful employment in the close-knit Chicago Metropolitan elevator service and repair industry.

3.      Plaintiff is a qualified individual with a disability ("no right thumb") who is being unlawfully subjected to continuous, egregious, and shocking discrimination on the basis of her disability and/or on the basis of her gender (female).

4.      Despite Salopek's dedicated employment, Skyway has not allowed Salopek to return to active duty, even though Salopek's doctors have cleared her to return to work. Salopek has approached Skyway on numerous occasions about returning to work, but Skyway has only told Salopek that there is no work for her, and has refused to verify her employment status. However, Skyway has never affirmatively terminated Salopek, and rather, has left her in a state of limbo. Skyway has, on occasion, allowed male employees to return to work, despite suffering from similar disabilities (severed fingers), which also arose from accidents in the course and conduct of their employment with Skyway.

5.      Salopek has suffered extreme emotional distress, lost wages, and other significant damages as a direct and proximate result of Skyway's ongoing and continuous disability and gender discrimination, retaliation and intentional infliction of emotional distress.

Page 2

## PARTIES

### a.   Plaintiff

6.   Plaintiff, Evelyn Salopek, is a resident of Kane County, Illinois who currently resides at 2005 Royal Lane, Aurora IL 60503.

7.   Plaintiff Salopek has been an employee of Skyway since November 2001. Plaintiff Salopek is an Elevator Helper/Elevator Apprentice.

### b.   Defendant

8.   Defendant Skyway Elevator Company Inc. is an Illinois corporation, headquartered and doing business in the State of Illinois. Skyway is in the business of servicing, maintaining and repairing elevators.

9.   Defendant Skyway is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of the ADA, 42 U.S.C. § 12202, 12111(5)(A) and within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## JURISDICTION AND VENUE

10.   The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658, 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities Act of 1990, §2 et. seq., 42 U.S.C.A. §12101, et. seq. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343. Supplemental jurisdiction over Plaintiff's Illinois state law claims is conferred by 28 U.S.C, § 1367 (a).

11.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), in that Defendant employed Plaintiff in the Northern District, Plaintiff resides in the Northern District, and all or a substantial part of the events or omissions giving rise to the claims occurred within the Northern District. Skyway is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit.

## PROCEDURAL HISTORY

12.     Plaintiff fulfilled all conditions precedent to the institution of this action under the ADA and Title VII.

13.     Plaintiff Salopek timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC"). *Attached hereto as Exhibit "A," and incorporated herein for reference, is a true and correct copy of Plaintiff's EEOC Charge of Discrimination.*

14.     Plaintiff Salopek received a Notice of Right To Sue—Title VII/ADA dated April 16, 2007, from the EEOC for her Charge of Discrimination (EEOC Charge No. 440-2006-09464). *Attached hereto as Exhibit "B" and incorporated herein for reference. is a true and correct copy of Plaintiff's Notice of Right to Sue from the EEOC.*

15.     Plaintiff Hazel has timely filed this lawsuit within ninety (90) days of receiving her April 16, 2007 Notice of Right to Sue.

## COMMON ALLEGATIONS

16.     During all relevant times herein, Defendant was an employer as defined by the ADA and Title VII.

17.     During all relevant times herein, Plaintiff was and is an employee of Defendant as defined by the ADA and Title VII. Plaintiff was and is employed by Defendant as an Elevator

Apprentice/Elevator Helper.

18.     At all relevant times herein, Plaintiff was a qualified, competent, and dedicated employee that contributed to Defendant in a substantial and meaningful manner.

19.     At all relevant times herein, Salopek was competent to perform, and was performing all of the essential functions of her position as an Elevator Apprentice/Elevator Helper in a manner that met and/or exceeded Skyway's legitimate business expectations.

20.     Plaintiff Salopek is a qualified individual with a disability, within the meaning of the ADA. Salopek suffers from the serious medical condition of having no right thumb.

21.     Salopek's disability substantially limited one or more essential life functions, that are central to the life process itself, including but not limited to, the following: caring for one's self, performing manual tasks and working.

22.     Salopek fully advised Defendant of the nature and scope of her medical condition. Salopek had her right thumb severed during a work related elevator repair accident in February 2003.

23.     Skyway discriminated against Salopek on the basis of her disability. in part, in the following ways:

> A.     Skyway has not allowed and continues to not allow Salopek to return to work since her work related injury, despite her doctor clearing her to return to work;
>
> B.     Skyway refuses to verify Salopek's employment;
>
> C.     Skyway has used its industry to contacts to prevent Salopek from attaining gainful employment in the elevator repair, maintenance and service industry;

D.    Skyway replaced Complainant's position as an elevator helper/apprentice with a non-disabled/non-handicapped employee;

E.    Failed and continues to fail to make "reasonable accommodations" to the known physical limitations and disability of Salopek;

G.    Refused and refuses to engage in an "interactive process" to determine if reasonable accommodation could be made for Salopek's disability; and

F.    Otherwise treated and treats Salopek differently than non-disabled, employees in the terms, conditions, and responsibilities of her employment.

24.    Skyway utterly failed to, despite knowledge of Salopek's disability, engage in any evaluation, discussion, or interactive process to determine whether any accommodation was necessary or possible.

25.    Skyway refused to consider, evaluate, discuss, investigate, engage in, assess, and/or otherwise attempt to accommodate or determine whether it could accommodate Salopek's disability and/or requests for accommodation.

26.    Skyway hired a non-disabled individual to perform Salopek's duties, while Skyway refuses to allow Salopek to return to work and refuses to verify her employment.

27.    Skyway has allowed male employees to return to work after similar work related injuries (losing fingers in work related accidents).

28.    Skyway hired a male individual to perform Salopek's duties, while Skyway refuses to allow Salopek to return to work and refuses to verify her employment.

29. Salopek filed a worker's compensation claim in March 2003, shortly after the work related accident in which she had her right thumb severed.

30. Skyway has refused to allow Salopek to return to work and refused to verify her employment in retaliation for Salopek filing a worker's compensation claim.

31. Salopek has suffered severe damages as a direct and proximate result of Skyway's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, loss of benefits, emotional distress, humiliation, degradation, and other damages.

32. There was no legitimate non-discriminatory basis for the discriminatory/retaliatory actions alleged herein.

33. Salopek has an outstanding work history and has never been subjected to disciplinary action. Salopek is an excellent, qualified, and dedicated employee.

34. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## COUNT I

### DISCRIMINATION AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

#### 42 U.S.C.A. § 12101, et. seq

35. Salopek re-alleges and restates all preceding paragraphs of this Complaint as if fully set forth herein.

36. All conditions precedent to Count I have been satisfied.

37. Salopek is a qualified individual with a disability.

38. The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability.

Page 7

39. Plaintiff Salopek is disabled in that she suffers from the following serious medical conditions: Severed Right Thumb.

40. Plaintiff Salopek became disabled in the course of her employment. Defendant was fully advised of Salopek's disability.

41. Plaintiff Salopek has a record of her above-described disability.

42. Defendant was aware of Plaintiff Salopek's disability.

43. Defendant perceived Plaintiff Salopek as disabled.

44. At all relevant times herein, Plaintiff Salopek could perform all of the essential functions of her job and job responsibilities/duties.

45. At all relevant times herein, Plaintiff Salopek was qualified, competent, and able to perform all of her job responsibilities/duties.

46. Plaintiff Salopek requested reasonable accommodation for her disability. Salopek requested time off to heal from her disabling work related injury. Plaintiff's request was granted and carried out in a discriminatory manner, as Plaintiff was not allowed to return to active duty once her doctor cleared her to return to work.

47. Defendant refused to consider, evaluate, discuss, investigate, assess and/or otherwise attempt to engage in an interactive process to determine whether it could accommodate Salopek's disability and/or requests for accommodation.

48. Skyway has discriminated against Salopek based on her disability by refusing to allow her to return to active duty, refusing to verify her employment and hiring a non-disabled individual to perform her job duties and responsibilities.

49. At all relevant times herein, Plaintiff Salopek informed Skyway of the nature and scope of her disability.

50.     At all relevant times herein, Salopek was an excellent employee that was performing all of her job functions in an outstanding manner.

51.     Skyway's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

52.     Skyway engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

53.     Skyway's conduct, in violation of the ADA, was the direct and proximate cause of Salopek incurring severe damages including, but not limited to, lost wages, lost benefits and severe emotional distress.

## COUNT II

## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

54.     Salopek incorporates and realleges all preceding paragraphs as if fully set forth herein against Skyway.

55.     At all times relevant to this cause of action, Salopek was and is a "person" and "employee" of Skyway, and Skyway was and is her "employer" covered by and within the meaning of Title VII.

56.     The actions of Skyway as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Salopek because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

57.     At all times relevant to this cause of action, Skyway had a duty under Title VII to refrain from discriminating against Salopek based on her gender.

58.     Salopek has a federally protected right to work in a workplace that is free from gender discrimination.

59.     Despite knowledge of the gender discrimination, Skyway refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination.

60.     Defendant, through upper level management, intentionally subjected Plaintiff to unequal and discriminatory treatment by not allowing Salopek to return to active duty after she had recovered from her disabling work related injury and refusing to verify Salopek's employment status. Skyway has allowed male employees to return to active duty after suffering similar work related injuries, including, but not limited to, severing fingers in work related accidents.

61.     The discriminatory actions by Skyway, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Salopek.

62.     Skyway, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

63.     Skyway maintains a work environment that discriminates against female employees.

64.     The actions of Skyway in intentionally engaging in and condoning gender discrimination against Salopek has caused Salopek great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

66.     Salopek is an employee of Skyway.

67.     Salopek fulfilled her job duties with skill and expertise.

68.     Skyway engaged in extreme and outrageous conduct with the intent that the conduct inflict severe emotional distress upon Salopek and with the knowledge that there was a high probability that the conduct would cause severe emotional distress to Salopek.

69.     Skyway's extreme and outrageous acts, include, but not limited to, repeatedly refusing to verify Salopek's employment status and using its industry contacts to interfere with Salopek's ability to secure other employment in the elevator service, maintenance and repair industry.

70.     Skyway's acts were perpetrated with the intent to cause the Salopek severe emotional distress.

71.     Skyway's acts were perpetrated with such recklessness as to cause the Salopek severe emotional distress.

72.     Salopek did, in fact, experience extreme emotional distress.

73.     By the extreme emotional distress Salopek was thereby damaged.

74.     Skyway's acts, actions and inaction directly and proximately caused Salopek's severe emotional distress.

## COUNT IV

## WORKER'S COMPENSATION RETALIATORY DISCHARGE

### (Pled In The Alternative)

75.     Plaintiff realleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

76.     Salopek pleads Count IV in the alternative.  Because Skyway continues to refuse to verify Salopek's employment status, Salopek brings Count IV in the event that Skyway has terminated her employment.

77.     At all relevant times herein. Plaintiff Salopek was an employee of Skyway.

78.     Salopek states a cause of action against Skyway for retaliatory discharge alleging Skyway terminated her from her employment because Salopek exercised her rights under the Illinois Worker's Compensation Act, 820 ILCS 30511 . et. seq.

79.     In February 2003, Plaintiff sustained injuries which arose out of and in the scope of her employment with Skyway, namely, Salopek had her right thumb severed in a work related accident.

80.     Plaintiff Salopek filed a claim for benefits and made application with the Industrial Commission of the State of Illinois by filing an "Illinois Industrial Commission Application For Adjustment of Claim" (Application For Benefits) for the above mentioned injuries pursuant to the Illinois Worker's Compensation Act, 820 ILCS 305/1, et. seq.

81.     Skyway intentionally discharged Salopek from her employment in retaliation of her exercise of her rights under the Illinois Worker's Compensation Act, 820 ILCS 30511 . et.

seq.

82.     Plaintiff Salopek was damaged as a direct and proximate result of the retaliatory discharge from Skyway.

83.     Skyway's actions in discharging Plaintiff Salopek were done intentionally and maliciously.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.      Damages sufficient to compensate Plaintiff for her injuries;

ii.     Reinstatement or Front Pay;

iii.    Back Pay, inclusive of lost wages and any benefits;

iv.     Pre-judgment and post-judgment interest;

v.      Reasonable attorney's fees;

vi.     Costs of this action;

vii.    Emotional Distress Damages;

viii.   Punitive damages; and,

ix.     Any and all other relief that this Honorable Court may deem just and equitable.

## JURY DEMAND

### *JURY DEMANDED ON ALL COUNTS SO TRIALABLE*

Respectfully submitted,

PLAINTIFF- EVELYN SALOPEK

Dated: July 12, 2007          By: _____

I, EVELYN SALOPEK, being first duly sworn on oath do hereby state that I am the Plaintiff

in this case, I have read the foregoing document entitled "Complaint" and all of the facts

and allegations relevant to my claims are true and accurate to the best of knowledge and

belief.

Dated: July 12, 2007          By: _____

                                        EVELYN SALOPEK

SUBSCRIBED AND SWORN BEFORE ME

This 12 day of July , 2007.

This ___12___ day of ___July___, 2007.

"OFFICIAL SEAL"
LIZETH ESQUIVEL
Notary Public, State of Illinois
My Commission Expires 02/01/2011

Notary Public

Dated: July 12, 2007

Robert Foote, Esq. #03214325
Stephen W. Fung #06289522
FOOTE MEYERS MEILKE & FLOWERS, LLC
28 North First St., Suite 2
Geneva, IL 60134
630-232-6333

Kathleen C. Chavez, Esq. #6255735
CHAVEZ LAW FIRM, P.C.
28 North First St., Suite 2
Geneva, IL 60134
630-232-4480

Peter L. Currie #06281711
THE LAW FIRM OF PETER L. CURRIE, PC
536 Wing Lane
Saint Charles, IL 60174
630-862-1130

***Attorneys for the Plaintiffs***

Page 15

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See Privacy act statement before completing this form | [X] FEPA<br>[X] EEOC | 440-2006-09464 |

Illinois Department of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr. Ms. Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Ms. Evelyn Salopek | | (630)851-9484 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 2005 Royal Ln | Aurora, IL 60503 | 08/25/1959 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Skyway Elevator Repair Company, Inc. | 15+ | (312) 326-4410 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1900 South Michigan Ave | Chicago, IL 60616 | Cook |
| NAME | | TELEPHONE (Include Area Code) |
| | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | | | | | DATE DISCRIMINATION TOOK PLACE |
|---|---|---|---|---|---|
| [ ] RACE | [ ] COLOR | [X] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN | EARLIEST (ADEA/EPA)    LATEST (ALL) |
| [ ] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] OTHER | | December 2005 |
| | | | | | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

(SEE ATTACHED)

RECEIVED EEOC
SEP - 8 2006
CHICAGO DISTRICT OFFICE

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | *Evelyn Salopek*    8-30-06 |
| Notary Public Seal | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (5/98)

## ADDENDUM TO CHARGE OF DISCRIMINATION
### *Evelyn Salopek v. Skyway Elevator*
### Page 1 of 5

I. **Complainant was and is being continuously harassed and discriminated against on the basis of her disability and handicap in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq.*, and in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. seq.* The discrimination on the basis of her disability and handicap has been occurring on an ongoing and continuous basis from at least December 2005, through the present.**

1. Complainant has been an employee of Respondent from November 2001, through the present. Since 2001, Complainant has always been employed by Respondent as an elevator helper/apprentice.

2. Complainant is a qualified individual with a disability.

3. Complainant was a highly qualified, competent, and dedicated employee that was repeatedly subjected to harassment and discrimination because of her disability which originated as a result of performing her duties as an employee of Respondent.

4. Complainant has a record of a certain medical condition and disability, namely, Complainant had her thumb severed in a work related accident on February 26, 2003. Complainant has no thumb on her right hand.

5. Respondent was fully advised and aware of the nature and scope of Complainant's disability and the medical treatments that she was receiving for her disability on an ongoing basis. Complainant has been receiving worker's compensation benefits from on or about March 2003 (at around 60% of her normal rate of pay).

6. At all relevant times, Complainant advised Respondent of her disability and sought reasonable accommodation for her disability. However, Respondent never granted Complainant reasonable accommodation, nor did Respondent engage in an "interactive process" to determine if reasonable accommodation could be made.

7. Respondent intended to discriminate against Complainant on the basis of her disability and permitted, ratified, encouraged, allowed, and otherwise created a work environment heavily charged with discrimination.

8. Respondent discriminated against Complainant on the basis of her disability, in part, in the following ways:

## ADDENDUM TO CHARGE OF DISCRIMINATION
### *Evelyn Salopek v. Skyway Elevator*
### Page 2 of 5

A.   Respondent has not allowed and continues to not allow Complainant to return to work from long term disability despite her doctor clearing her to return to work;

B.   Respondent replaced Complainant's position as an elevator helper/apprentice with a non-disabled/non-handicapped employee;

C.   Harasses, humiliates, and degrades Complainant about her medical condition and disability, need for accommodation and need for medical treatment/medical leave;

D.   Failed and continues to fail to make "reasonable accommodations" to the known physical limitations, disabilities/handicaps of Complainant;

E.   Refused and refuses to engage in an "interactive process" to determine if reasonable accommodation could be made for Complainant's disability/handicap; and

F.   Otherwise treated and treats Complainant differently than non-disabled, non-handicapped employees in the terms, conditions, and responsibilities of her employment.

9.   The harassment about her disability/handicap has ongoing and repeated for a period of time dating back to at least March 2006 through the present.  The harassment about her disability and general medical condition is humiliating, degrading, and has the effect of interfering with her ability to perform her job.

10.   Respondent was fully aware of Complainant's disability and the accommodations that she was requesting.  Respondent not only refused accommodation, discriminated against her because of her disability, but also refused to engage in any discussion or "interactive process" to determine whether accommodation was possible.

11.   Complainant had a nearly untarnished employment record with Respondent. Complainant has gone on to receive further certifications to better perform her job; however, Respondent continues to refuse letting Complainant return to her job despite her ability to perform the essential functions of her position.

12.   At all relevant times, Complainant performed all of the "essential functions" of her job in an outstanding manner that met and/or exceeded her employer's legitimate business expectations.

## ADDENDUM TO CHARGE OF DISCRIMINATION
### *Evelyn Salopek v. Skyway Elevator*
### Page 3 of 5

13. There was and is no legitimate non-discriminatory basis for Respondent's discriminatory and harassing treatment of Complainant.

14. Complainant requested reasonable accommodation of her disability, however Respondent refused to provide Complainant with the requested accommodation and further refused to evaluate or consider options for accommodation (engage in an interactive process as required by the applicable statutes) in violation of the ADA and IHRA.

15. On numerous occasions, Complainant complained about the disability discrimination and wrongful termination.

16. Despite being fully aware of the disability discrimination, Respondent took no and continues to take no action to investigate, prevent, mitigate, remediate, stop, or otherwise address the ongoing harassment and discrimination.

17. Respondent was fully aware of the disability discrimination and harassment and engaged in such conduct with the knowledge and intent to violate both state and federal law.

18. Complainant has suffered injury and damage as a direct and proximate result of Respondent's discriminatory and harassing conduct in violation of the ADA and IHRA.

II. **Complainant was and continues to be discriminated against on the basis of her gender in violation of Title VII Civil Rights Act of 1964, §701 *et. seq.*, as amended, 42 U.S.C.A. §2000 *et. seq.*, and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.* In further violation of said statutes, Respondent retaliated against Complainant for her reports/complaints of discrimination/harassment. The discrimination and harassment on the basis of her gender are continuing in nature.**

1. Complainant has been an employee of Respondent from on or about November 2001, through the present.

2. Complainant is female. Complainant is a qualified, competent, and dedicated employee that has been subjected to egregious gender discrimination on many occasions.

3. Respondent intended to discriminate against Complainant on the basis of her gender. The gender discrimination concerned the terms, conditions and responsibilities of Complainant's employment with Respondent.

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Evelyn Salopek v. Skyway Elevator*
Page 4 of 5

4.     Respondent's ongoing gender discrimination was so severe and/or pervasive that it both subjectively and objectively interfered with Complainant's ability to adequately perform her job responsibilities.

5.     Respondent condoned and otherwise allowed, through inaction, Complainant to be repeatedly discriminated against and harassed. Complainant made routine and repeated complaints to Respondent's employees in authority, about the gender discrimination. Complainant has been subjected to repeated gender discrimination and harassment in the following ways:

   a.     Respondent has refused and continues to refuse to allow Complainant to return to work since a work related accident in 2003, in which Complainant's thumb was severed. Respondent has allowed male employees in the same or similar positions as Complainant to return to work after their fingers and/or thumb were severed in work related injuries. Respondent has employed a discriminatory policy and practice of allowing male employees to return to work after suffering work related accidents in which their fingers and/or thumbs have been severed, but not allowing female employees to return to work; and

   b.     Respondent has treated Complainant and other female employees differently in the terms, conditions, responsibilities and privileges of her employment than male employees;

6.     At all times relevant herein, Complainant has performed all of her job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for the discriminatory and harassing treatment and retaliation alleged herein.

7.     Respondent knowingly ignored, allowed and condoned conducts intended to harass, humiliate and degrade Complainant, with intentional malice and knowledge that it was violating federal and state laws prohibiting said conduct.

8.     Complainant is a dedicated, hardworking and loyal employee that contributed to Respondent's business in a substantial and meaningful manner.

9.     Respondent's unlawful and discriminatory actions and hostile work environment, as alleged herein, were and are egregious. Respondent continues to condone the conduct alleged herein and otherwise fosters a work environment heavily charged with discrimination.

## ADDENDUM TO CHARGE OF DISCRIMINATION
### *Evelyn Salopek v. Skyway Elevator*
### Page 5 of 5

10.    Complainant repeatedly complained about the harassment and gender discrimination and unlawful and illegal treatment, as alleged herein, but Respondent has taken no action to remediate, discipline, or otherwise stop and/or prevent the ongoing illegal discrimination and harassment. Rather, Respondent ignored, allowed and condoned the egregious harassment and gender discrimination suffered by the Complainant, and actually retaliated against Complainant for complaining about the conduct.

11.    Respondent's illegal actions as alleged herein have caused severe and egregious injury and damage to Complainant.



## CORPORATION FILE DETAIL REPORT

| Entity Name | SKYWAY ELEVATOR REPAIR COMPANY, INC. | File Number | | 53290906 |
|---|---|---|---|---|
| Status | GOODSTANDING | | | |
| Entity Type | CORPORATION | Type of Corp | | DOMESTIC BCA |
| Incorporation Date (Domestic) | 12/07/1983 | State | | ILLINOIS |
| Agent Name | JOSEPH ROBERT BELL | Agent Change Date | | 01/29/1997 |
| Agent Street Address | 1900 S MICHIGAN | President Name & Address | | JOSEPH ROBERT BELL 1900 S MICHIGAN AVE CHICAGO 60616 |
| Agent City | CHICAGO | Secretary Name & Address | | ELIZABETH BELL 1900 S MICHIGAN AVE CHICAGO 60616 |
| Agent Zip | 60616 | Duration Date | | PERPETUAL |
| Annual Report Filing Date | 02/05/2007 | For Year | | 2006 |

**Return to the Search Screen**          **Purchase Certificate of Good Standing**

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

# EXHIBIT B

**Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Evelyn Salopek<br>2005 Royal Lane<br>Aurora, IL 60503 | From: Equal Employment Opportunity Commission<br>500 West Madison<br>Suite 2800<br>Chicago, Illinois 60661 |
|---|---|

**Certified No.: 7001 0320 0006 1099 5337**

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>440-2006-09464 | EEOC Representative<br>Cristina Wodka, Investigator | Telephone No.<br>(312) 353-1401 |
|---|---|---|

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) _____

### - NOTICE OF SUIT RIGHTS -

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

_____4-16-07_____       _____John P. Rowe_____

                                John P. Rowe, District Director

Enclosures
  Information Sheets
  Copy of Charge
cc: Respondent(s)      **Skyway Elevator Repair Company, Inc.**

EEOC Form 161 (Test 5/95)